UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

------------------------------------------------------------------------ x
MONTAUK JUICE FACTORY INC. and :
THE END BROOKLYN, :
: Case No. 17 Civ. 02678 (ADS)(GRB)
Plaintiffs, :
: **STARBUCKS CORPORATION'S**
v. : **ANSWER AND DEFENSES TO**
: **PLAINTIFFS' COMPLAINT**
STARBUCKS CORPORATION d/b/a :
STARBUCKS COFFEE COMPANY, :
:
Defendant. :
------------------------------------------------------------------------ x

As and for its Answer to the Complaint of plaintiffs Montauk Juice Factory Inc. and The End Brooklyn ("Plaintiffs"), dated May 3, 2017 (hereinafter the "Complaint"), defendant Starbucks Corporation ("Starbucks" or "Starbucks Corporation") alleges as follows.  Unless specifically admitted, all allegations of the Complaint are denied:

## NATURE OF THE ACTION

1. To the extent the allegations of paragraph 1 of the Complaint are deemed to be allegations of fact, Starbucks admits that Starbucks launched, promoted and sold a product called the Unicorn FRAPPUCCINO® Blended Crème, which was designed as a playful riff on a growing trend of brightly-colored and consequently descriptively named, "unicorn" food and drink products.  Starbucks denies all of the remaining allegations of the aforesaid paragraph, including, without limitation, that Plaintiffs own a protectable trademark, let alone a "famous" one; and that Starbucks had any intention or design to trade upon, infringe, dilute, or "eclipse" Plaintiffs' purported trademark rights.  To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

2. Starbucks admits that Plaintiffs' beverage, despite being misdescriptively called a "latte", contains neither milk nor coffee, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

3. To the extent the allegations of paragraph 3 of the Complaint are deemed to be allegations of fact, Starbucks denies that the Unicorn Latte is famous and otherwise lacks knowledge or information sufficient to form a belief as to the remainder of the aforesaid paragraph. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

4. Starbucks denies the allegation that Plaintiffs applied to register the name "UNICORN LATTE" with the United States Patent and Trademark Office ("USPTO"). Rather, Starbucks affirmatively states that Montauk Juice Factory, LLC, which is not a party in this action, filed a TEAS Plus Application to register the name "UNICORN LATTE" with the USPTO on January 20, 2017. That application for registration, which is publicly accessible on the USPTO's website, has not been issued and is still pending review by the USPTO. Most recently, on May 31, 2017, the USPTO accepted a letter of protest citing the potentially misdescriptive nature of the term "latte" in the "UNICORN LATTE" mark relying upon dictionary definitions of the term. Starbucks lacks knowledge or information sufficient to form a belief as to the remainder of paragraph 4 of the Complaint.

5. To the extent the allegations of paragraph 5 of the Complaint are deemed to be allegations of fact, Starbucks admits that it has sold and marketed a blended beverage in its line of beverages sold at Starbucks stores under the famous and fanciful FRAPPUCCINO® mark which it called Unicorn FRAPPUCCINO® Blended Crème. Starbucks admits that the Unicorn FRAPPUCCINO® Blended Crème contained milk, did not contain coffee, and that Starbucks did

2

not approach Plaintiffs prior to launching its Unicorn FRAPPUCCINO® Blended Crème. Starbucks denies that it had any obligation to seek Plaintiff's permission prior to launching the Unicorn FRAPPUCCINO® Blended Crème. Starbucks denies the allegations that it began selling and marketing its Unicorn FRAPPUCCINO® Blended Crème on April 17, 2017 and further denies Plaintiffs' characterization of the Unicorn FRAPPUCCINO® Blended Crème as a "concoction of milk, artificial sweeteners, color additives, and pinches of fruit juice concentrate for flavor." Starbucks lacks knowledge or information sufficient to form a belief as to the remainder of the aforesaid paragraph. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

6. Starbucks admits that it has stores in the United States, Canada and Mexico, but denies the store counts alleged in this paragraph. Starbucks further admits that references to the Unicorn FRAPPUCCINO® Blended Crème appeared in media and on social media, but lacks knowledge or information sufficient to form a belief as to the remainder of paragraph 6 of the Complaint.

7. To the extent the allegations of paragraph 7 of the Complaint are deemed to be allegations of fact, Starbucks lacks knowledge or information sufficient to form a belief as to the remainder of the allegations of the aforesaid paragraph. To the extent there is any confusion as alleged therein, said confusion is the result of Plaintiffs' own actions in marketing its own beverages with reference to Starbucks Corporation's well-known marks and logos. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

8. To the extent the allegations of paragraph 8 of the Complaint are deemed to be allegations of fact, Starbucks admits that the Unicorn FRAPPUCCINO® Blended Crème

3

beverage was offered for a limited-time from April 19, 2017 until April 23, 2017 and is currently not available, and otherwise denies the remainder of the aforesaid paragraph. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

9. To the extent the allegations of paragraph 9 of the Complaint are deemed to be allegations of fact, Starbucks admits that Plaintiffs purport to bring the legal claims stated therein and otherwise denies the remainder of the aforesaid paragraph. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

## THE PARTIES

10. Starbucks denies the existence of Montauk Juice Factory Inc. Starbucks otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint.

11. Starbucks admits that it is a multi-national corporation with its principal office located at 2401 Utah Avenue South, Seattle, WA 98134, and that it operates stores in the United States, New York State, and in New York City. Starbucks further admits that it operates stores in Canada through its subsidiary and otherwise denies the remaining allegations.

## JURISDICTION AND VENUE

12. To the extent the allegations of paragraph 12 of the Complaint are deemed to be allegations of fact, Starbucks admits that this Court has subject matter jurisdiction and supplemental jurisdiction with respect to Plaintiffs' claims. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

13. To the extent the allegations of paragraph 13 are deemed to be allegations of fact, Starbucks denies each and every allegation thereof, with the exception that Starbucks admits that it regularly conducts business in New York, has sold its Unicorn Frappuccino products in New York and that this Court has personal jurisdiction over Starbucks with respect to Plaintiffs' claims. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

14. To the extent the allegations of paragraph 14 are deemed to be allegations of fact, Starbucks denies each and every allegation thereof, with the exception that Starbucks admits that venue in this judicial district is proper. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, with the exception that Starbucks admits that there is a current trend of colorful "unicorn" food and drink products, including such items as Unicorn Noodles and Unicorn Poop.

18. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and refers to the articles and videos referenced therein for a true and complete recitation of the contents thereof.

5

20. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, except refers to the post referenced therein for a true and complete recitation of the contents thereof.

21. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Starbucks denies the allegations that the Unicorn Latte attained fame and further denies that Montauk Juice Factory Inc. submitted a TEAS Plus Application for the UNICORN LATTE Trademark on January 20, 2017. Rather, Starbucks states that Montauk Juice Factory LLC, which is not a party in this action, filed the TEAS Plus Application, which is publicly accessible on the USPTO's website. Starbucks lacks knowledge or information sufficient to form a belief as to the remainder of paragraph 22 of the Complaint.

23. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. To the extent the allegations of paragraph 24 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation in the aforesaid paragraph, with the exception that Starbucks admits that it released a press release, dated April 18, 2017, titled "Starbucks Weaves Its Magic with New Color and Flavor Changing Unicorn Frappuccino", and refers to that press release for a true and complete recitation of the contents thereof. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

25. To the extent the allegations of paragraph 25 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation in the aforesaid paragraph, including, without limitation, that the Unicorn FRAPPUCCINO® Blended Crème and the

6

Unicorn Latte were similar, with the exception that it admits that its press release stated the following: "Once only found in enchanted forests, unicorns have been popping up in social media with shimmering unicorn-themed food and drinks. Now Starbucks is taking the trend to a new level with the first Unicorn Frappuccino® blended beverage…." To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

26. To the extent the allegations of paragraph 26 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof, including, without limitation, that the Unicorn FRAPPUCCINO® Blended Crème was deceptively and confusingly similar to the Unicorn Latte in name, appearance and intended publicity channels. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

27. Starbucks denies each and every allegation in paragraph 27 of the Complaint, with the exception that Starbucks admits that it did not have contact with Plaintiffs or its representatives prior to receiving their cease-and-desist letter.

28. Starbucks denies each and every allegation in paragraph 28 of the Complaint, with the exception that Starbucks admits that on April 19, 2017, Starbucks began selling the Unicorn FRAPPUCCINO® Blended Crème in participating stores throughout the United States, including in New York City, as well as Canada and Mexico.

29. To the extent the allegations of paragraph 29 of the Complaint are deemed to be allegations of fact, Starbucks denies that consumers were or could be or are likely to be confused as to the origin of a FRAPPUCCINO®-branded beverage sold at Starbucks stores, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the

aforesaid paragraph. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

30. To the extent the allegations of paragraph 30 of the Complaint are deemed to be allegations of fact, Starbucks denies that consumers were or could be or are likely to be confused as to the origin of a FRAPPUCCINO®-branded beverage sold at Starbucks stores, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the aforesaid paragraph. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

31. To the extent that the allegations of paragraph 31 of the Complaint are deemed to be allegations of fact, Starbucks denies that consumers became or could become confused as to the origin of the FRAPPUCCINO®-branded beverage sold at Starbucks stores, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the aforesaid paragraph. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

32. To the extent the allegations of paragraph 32 of the Complaint are deemed to be allegations of fact, Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

33. Starbucks lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 33(a) and 33(b) of the Complaint, except that Starbucks refers to the video and posts referenced therein for a true and complete recitation of the contents thereof.

34. To the extent the allegations of paragraph 34 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation in paragraph 34 of the Complaint and refers to the articles and posts referenced therein for a true and complete recitation of the contents thereof. To the extent the allegations of the aforesaid paragraph of the Complaint are deemed to be allegations of law, Starbucks is not required to plead thereto.

35. To the extent the allegations of paragraph 35 of the Complaint are deemed to be allegations of fact, Starbucks denies the truth of each and every allegation of the aforesaid paragraph. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

36. Starbucks denies each and every allegation in paragraph 36 of the Complaint, with the exception that Starbucks admits that on April 24, 2017, Plaintiffs sent Starbucks a cease-and-desist letter, alleging damages related to infringement of Plaintiffs' mark, which Starbucks denies and continues to deny. Starbucks further states that it responded to the letter on April 26, 2017, and refers to the above-referenced letters for a true and complete recitation of the contents thereof.

37. To the extent the allegations of paragraph 37 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof, including, without limitation, that press release referenced in paragraph 24 of the Complaint suggested that the Unicorn FRAPPUCCINO® Blended Crème could return to the market. Starbucks refers to its press release for a true and complete recitation of the contents thereof and further states that the Unicorn FRAPPUCCINO® Blended Crème was offered for a limited time from April 19, 2017 until April 23, 2017. Starbucks otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the aforesaid paragraph concerning Plaintiffs' purported

concerns and unnamed "online news and social media posts." To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

38. To the extent the allegations of paragraph 38 of the Complaint are deemed to be allegations of fact, Starbucks denies Plaintiffs own a protectable mark and that Starbucks infringed on the purported UNICORN LATTE mark, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the aforesaid paragraph. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

39. To the extent the allegations of paragraph 39 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

**FIRST CAUSE OF ACTION**

40. Starbucks repeats and realleges its responses to the foregoing paragraphs of the Complaint, as if the same were fully set forth herein.

41. To the extent the allegations of paragraph 41 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof, including, without limitation, that Plaintiffs own a protectable trademark. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

42. To the extent the allegations of paragraph 42 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the

allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto;

43. To the extent the allegations of paragraph 43 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

44. To the extent the allegations of paragraph 44 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

45. To the extent the allegations of paragraph 45 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent that the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

46. To the extent the allegations of paragraph 46 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

47. To the extent the allegations of paragraph 47 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

## SECOND CAUSE OF ACTION

48. Starbucks repeats and realleges its responses to the foregoing paragraphs of the Complaint, as if the same were fully set forth herein.

49. To the extent the allegations of paragraph 49 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

50. To the extent the allegations of paragraph 50 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

## THIRD CAUSE OF ACTION

51. Starbucks repeats and realleges its responses to the foregoing paragraphs of the Complaint, as if the same were fully set forth herein.

52. To the extent the allegations of paragraph 52 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

53. To the extent the allegations of paragraph 53 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

## FOURTH CAUSE OF ACTION

54. Starbucks repeats and realleges its responses to the foregoing paragraphs of the Complaint, as if the same were fully set forth herein.

55. To the extent the allegations of paragraph 55 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

56. To the extent the allegations of paragraph 56 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the said paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

## FIFTH CAUSE OF ACTION

57. Starbucks repeats and realleges its responses to the foregoing paragraphs of the Complaint, as if the same were fully set forth herein.

58. To the extent the allegations of paragraph 58 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

59. To the extent the allegations of paragraph 59 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

## PRAYER FOR RELIEF

60. To the extent the allegations of paragraph 60 of the Complaint are deemed to be allegations of fact, Starbucks denies each and every allegation thereof and affirmatively states that it will seek to recover its own attorneys' fees as prevailing party under the applicable law governing such recovery. To the extent the allegations of the aforesaid paragraph are deemed to be allegations of law, Starbucks is not required to plead thereto.

## INTRODUCTION TO DEFENSES

Starbucks hereby asserts the following defenses. If and to the extent that it is Plaintiffs' burden to prove any of the issues raised in the defenses set forth below, Starbucks hereby expressly preserves, and does not waive, its legal position that Plaintiffs maintain the burden of proof on those issues. Starbucks reserves the right to add to or amend its defenses further as additional information is developed through discovery or otherwise.

## AS AND FOR A FIRST DEFENSE

The Complaint, or one or more of the counts set forth therein, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Upon information and belief, Plaintiffs lack standing to bring all or some of the claims set forth in the Complaint.

## AS AND FOR A THIRD DEFENSE

Plaintiffs' claims for trademark infringement are barred because Plaintiffs' purported UNICORN LATTE mark is invalid.

## AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims for infringement of a registered trademark are barred because Plaintiffs do not have federal or state trademark registrations for the phrase "UNICORN LATTE." To the

extent that trademark registrations are issued to Plaintiffs for the phrase "UNICORN LATTE" in the future, such registrations would be invalid by reason of deceptiveness and misdescriptiveness, as the product sold under the purported mark is not a latte.

## AS AND FOR A FIFTH DEFENSE

Starbucks has not infringed any valid trademark right of Plaintiffs, or Montauk Juice Factory LLC, under either the common law or the Lanham Act.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs cannot and do not have the exclusive right to use the word "UNICORN" for beverages and food products. The scope of protection afforded the purported UNICORN LATTE mark, if any protection is given at all, is extremely narrow, limited to the identical or nearly identical mark for the same goods. The Starbucks Unicorn FRAPPUCCINO® Blended Crème falls well outside that narrow zone of protection.

## AS AND FOR A SEVENTH DEFENSE

To the extent that Plaintiffs have any trademark rights in the purported UNICORN LATTE mark, Plaintiffs do not have any such rights outside of the limited geographic region of in which their products are sold, and upon information and belief, they have not used their purported mark in interstate commerce.

## AS AND FOR AN EIGHTH DEFENSE

Upon information and belief, Montauk Juice Factory LLC has committed fraud upon the USPTO by reason of the claim under oath that the alleged UNICORN LATTE mark was used by that company and/or Plaintiffs in interstate commerce as of the time of the filing and declaration under oath.

## AS AND FOR A NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there is and can be no likelihood of confusion as alleged in the Complaint for, *inter alia,* the following reasons: (a) it is without dispute that the phrase "Unicorn FRAPPUCCINO®" contains Starbucks Corporation's federally-registered FRAPPUCCINO® mark, which is famous, valid, subsisting and incontestable; (b) the FRAPPUCCINO® mark alone, through exclusive, extensive and long-term use and promotion, is recognized and relied upon by the public as identifying Starbucks Corporation's goods and services and distinguishing them from the goods and services of others; (c) given the longstanding fame of the FRAPPUCCINO® mark, customers who encountered the Starbucks Unicorn FRAPPUCCINO® Blended Crème, especially displayed in conjunction with Starbucks Corporation's famous house marks, were likely to recognize the drink for what it was – a playful riff on the unicorn trend for Starbucks Corporation's popular FRAPPUCCINO® line of beverages; (d) the Starbucks Unicorn FRAPPUCCINO® Blended Crème was sold only in Starbucks stores, such that the parties' respective products were offered in different channels of trade. As such, the overall commercial impression created by the Starbucks Unicorn FRAPPUCCINO® Blended Crème is very different than the overall commercial impression created by the claimed UNICORN LATTE mark such that no reasonable consumer would likely confuse the two.

## AS AND FOR A TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands. Upon information and belief, Plaintiffs, among other things, routinely market and sell drinks that trade on the goodwill and popularity of Starbucks – drinks such as the "Stardust Latte", "Maccaccino Latte", "Merbabe Latte", which features a mermaid tail emerging from the top of the beverage, and the "guilt-free pumpkin spice latte." In addition, Plaintiffs market the Unicorn Latte and other beverages as

16

"lattes", even though they contain no diary, milk, crème and/or coffee as lattes typically do by definition. If, *arguendo*, there was even the possibility of confusion between Plaintiffs' UNICORN LATTE mark and the Starbucks Unicorn FRAPPUCCINO® Blended Crème, it was due to Plaintiffs' intentional actions to draw a connection in consumers' minds between their brand and Starbucks.

### AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' purported UNICORN LATTE mark is not "famous" as defined under 15 U.S.C. §43(c) or the N.Y. Gen. Bus. Law § 360-1.

### AS AND FOR A TWELFTH DEFENSE

There is no likelihood of dilution of Plaintiffs' alleged marks by reason of Starbucks Corporation's use and sale of the Unicorn FRAPPUCCINO® Blended Crème, and Plaintiffs' dilution claim is inconsistent with its claim of reverse trademark confusion.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' purported UNICORN LATTE mark is not inherently distinctive and does not serve as a source identifier.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs have suffered no damage proximately caused by the conduct of Starbucks as alleged in the Complaint.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any damages allegedly suffered by Plaintiffs were either wholly or in part the legal fault of persons, firms, corporations, or entities other than Starbucks, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Starbucks.

**AS AND FOR A SIXTEENTH DEFENSE**

Plaintiffs' claim for infringement pursuant to N.Y. Gen. Bus. Law § 360-k is barred because Plaintiffs do not possess a state registration for the claimed mark "UNICORN LATTE."

**AS AND FOR A SEVENTEENTH DEFENSE**

Starbucks commenced promotion and sale of the Unicorn FRAPPUCCINO® Blended Crème in good faith, with innocent intent, and its actions were not willful.

Dated: New York, New York
June 21, 2017

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Marcia Paul
Marcia Paul
Lance Koonce
L. Danielle Toaltoan

1251 6th Avenue, 21st Floor
New York, New York 10020-1104
(212) 489-8230

*Attorneys for Defendant Starbucks Corporation*